**Liem Duy BUI, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, David V. Beebe, Director, Oregon District Office of the Immigration and Naturalization Service, and Janet Reno, Attorney General of the United States, Respondents.**

No. CV 99–1461–PA.

United States District Court, D. Oregon.

Dec. 10, 1999.

Michael T. Purcell, Law Offices of Michael T. Purcell, P.C., Portland, OR, for Petitioner.

Kristine Olson, United States Attorney, Craig J. Casey, Assistant U.S. Attorney, Portland, OR, Mark C. Walters, Assistant Director, Alice E. Loughran, Attorney, Office of Immigration Litigation, Washington, DC, for Respondents.

## OPINION

PANNER, District Judge.

Petitioner Liem Duy Bui brings this petition for habeas corpus relief under 28 U.S.C. § 2241 against respondents United States Immigration and Naturalization Service (INS); David V. Beebe, the local INS district director; and Janet Reno, Attorney General of the United States. Petitioner contends that he is being improperly detained pending removal to Vietnam.

I dismiss the petition without prejudice for failure to exhaust administrative remedies.

## BACKGROUND

Petitioner is a native and citizen of Vietnam, born in 1974, In 1988, petitioner entered the United States at Seattle, and in 1990 he became a lawful permanent resident.

In October 1993, petitioner pleaded guilty to three burglaries, two thefts, and two assaults. A Washington state court sentenced petitioner to a total of 43 months' imprisonment.

Because of the criminal convictions, the INS began deportation proceedings against petitioner. In November 1995, an immigration judge ordered that petitioner be deported. The Board of Immigration Appeals (BIA) affirmed. In 1997, the Ninth Circuit dismissed petitioner's petition for review of the deportation order. That order is now final.

In March 1996, petitioner was released from state custody. Although he was subject to an INS hold because of the order of deportation, petitioner was not taken into INS custody.

During a traffic stop in October 1999, police discovered that petitioner was subject to deportation. He was taken into INS custody, where he remains.

According to counsel for the INS, petitioner has been notified that he may apply for release from the INS district director. As of December 6, 1999, he had not done so.

## DISCUSSION

Petitioner challenges INS procedures governing detention of aliens subject to a final order of removal, contending that the procedures violate his Fifth Amendment rights to substantive and procedural due process.

### I. Jurisdiction

■ I have subject matter jurisdiction under 28 U.S.C. § 2241 to review the constitutionality of executive detention. *See Phan v. Reno,* 56 F.Supp.2d 1149, 1153–54 (W.D.Wash.1999) (five-judge panel); *see also id.* at 1154 (citing decisions in accord from the First, Second, Third, and Eleventh Circuits).

### II. Exhaustion of Administrative Remedies

■ Petitioner argues that he should not be required to exhaust his administrative remedies because "[n]o administrative proceeding exists to consider" petitioner's constitutional claims. A court should not require exhaustion if it would be futile. *See, e.g., Van Eeton v. Beebe,* 49 F.Supp.2d 1186, 1189 (D.Or.1999) (no exhaustion required because INS could not resolve constitutional challenge raised by petitioner).

Here, however, petitioner has not sought release from the district director. Al-

though the court in *Phan* did not require exhaustion before addressing the constitutional issues, there the petitioners had unsuccessfully requested release. *See Phan,* 56 F.Supp.2d at 1157 ("our review of the record confirms that the INS does not meaningfully and impartially review the petitioners' custody status."). Two appellate courts have ruled that regulations[1] governing release of aliens subject to final orders of removal comply with the requirements of due process, if the INS properly enforces the regulations. *Ngo v. INS,* 192 F.3d 390, 399 (3d Cir.1999) (if INS regulations are "conscientiously applied, they provide reasonable assurance of fair consideration of a petitioner's application for parole pending removal"); *Zadvydas v. Underdown,* 185 F.3d 279 (5th Cir.1999); *but see Phan,* 56 F.Supp.2d at 1157 (INS's failure to conduct individual assessments or to consider factors listed in regulations violated due process rights of aliens detained pending removal). I conclude that it would be premature to address petitioner's constitutional arguments before he has attempted to use the process that is available.

## CONCLUSION

Respondents' motion to dismiss (# 13) is granted without prejudice for failure to exhaust administrative remedies.

## JUDGMENT

Based upon the record, this action is dismissed.

## ORDER

Respondents' motion to dismiss (# 13) is granted without prejudice for failure to exhaust administrative remedies.

---

1.  8 C.F.R. §§ 236.1(d)(2)(ii), 236.1(d)(3)(iii), 241.4, & 241.5. *See Zadvydas v. Underdown,* 185 F.3d 279, 287 n. 9 (5th Cir.1999) (quoting

regulations and related agency memorandum).